UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 Case No. 19-20274

                                             Honorable Nancy G. Edmunds

v.

IAN JOHNSON,

    Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTIONS [44, 45, 46, 47, 53]

Defendant Ian Johnson is charged in this matter with one count of engaging in the distribution of firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and three counts of making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). (Dkt. 1.) A jury trial is currently scheduled for April 21, 2020. The matter is before the Court on (1) Defendant's motion for pretrial disclosure of Rule 404(b) evidence (dkt. 44); (2) Defendant's motion for disclosure of informants' identities and details of agreements (dkt. 45); (3) Defendant's motion and amended motion for early production of Jencks Act materials (dkts. 46, 53), and (4) Defendant's motion for production of the government's witness list (dkt. 47). The government has responded to Defendant's motions. (Dkts. 49, 50, 51, 52.) The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motions will be decided on the briefs and without oral argument. For the reasons set forth below, Defendant's motions are DENIED.

1

## I.      Defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence

Defendant moves for the pretrial disclosure of any Rule 404(b) evidence the government intends to use at trial.  Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  And while "[t]his evidence may be admissible for another purpose[,] . . . [o]n request by a defendant in a criminal case, the prosecutor must:  (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial . . . ."  Fed. R. Evid. 404(b)(2). Defendant asserts that the government should be required to provide this notice at least thirty days prior to trial.

This is the second time Defendant brings this motion.  The government again argues that because it does not intend to introduce Rule 404(b) evidence at trial, the motion is moot.  However, in the alternative, the government gives notice that it intends to introduce evidence of Defendant soliciting and completing firearm transactions during the timeframe alleged in Count of the indictment—"[f]rom on or about an unknown date in 2016 and continuing to the date of this Indictment[, May 2, 2019.]"  The government argues that this evidence is "intrinsic" to the offense charged—engaging in the distribution of firearms without a license—and therefore falls outside the purview of Rule 404(b).  *See United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995) ("Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity.")  The Court agrees that evidence of the nature described by the government appears to be intrinsic to the offense charged.  *See United States v.*

*Dettra*, No. 99-3667, 2000 U.S. App. LEXIS 33715, at *9-10 (6th Cir. Dec. 15, 2000) (noting the evidence was overwhelming that the defendant engaged in the business of dealing firearms without a license due in part to "the number and nature of the sales"). And even if it is not, the government's response provides the necessary Rule 404(b) notice. Thus, Defendant's motion is denied as moot.

## II.  Defendant's Motion for Disclosure of Informants' Identities and Details of Agreements

Defendant moves for the disclosure of informants' identities and details of the agreements. He argues this disclosure will assist the defense and is essential to a fair trial. The government responds by noting that it has provided discovery to Defendant and he has not informed the government of any specific person whose identity should be disclosed to enable his effective preparation for trial. The government further notes that while one confidential informant is mentioned in discovery, this informant is indirectly related to the case and the government may or may not call the person as a witness at trial. More generally speaking, the government argues this motion is premature and that it should be entitled to refine its witness list, including any potential confidential informants, over the coming weeks. The Court agrees. Defendant's motion is denied without prejudice.

## III.  Defendant's Motion for Early Production of Jencks Act Materials

Defendant moves for the early production of any Jencks Act materials the government intends to use at trial. As Defendant himself acknowledges, under the Jencks Act, disclosure of a witness's statements or reports is not required "until said witness has testified on direct examination in the trial of the case." *See* 18 U.S.C. §

3500(a). Defendant argues, however, that if the government does not produce the Jencks Act materials prior to trial, he will be denied a fair trial.

This is the second time Defendant brings this motion. The government again notes that the "Jencks Act overrides *Brady* with respect to timing of disclosure; evidence properly disclosed after testimony at trial pursuant to Jencks Act cannot be subject to earlier disclosure under *Brady*." *See United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994) (citation omitted). Thus, the government argues the motion is premature. The Court agrees. Moreover, the government indicates it intends to produce any Jencks Act materials reasonably ahead of trial for its effective use at trial. Once again, Defendant's motion is denied without prejudice.

### IV. Defendant's Motion for Production of Government's Witness List

Defendant moves for the production of the government's witness list. Defendant acknowledges he is not entitled to a list of the prosecution's witnesses as a matter of right, but asks the Court to exercise its discretion to order the government to provide Defendant with its witness list thirty days prior to trial. The government responds by arguing this motion is premature and that it should be entitled to refine its witness list over the next several weeks. The Court agrees. Defendant's motion is denied without prejudice.

### V. Conclusion

For the reasons set forth above, the Court hereby DENIES Defendant's motions.

SO ORDERED.

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: March 16, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>
Case Manager