UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IAN JOHNSON,

    Defendant.

_____/

Case No. 19-20274

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS THE SUPERSEDING INDICTMENT [74]**

On May 2, 2019, Defendant Ian Johnson was indicted with one count of engaging in the distribution of firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1) and three counts of making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) (Counts 2-4).  (ECF No. 1.)  On September 2, 2021, approximately six weeks prior to trial, the government filed a superseding indictment, adding one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) (Count 5).  (ECF No. 72.)  The matter is now before the Court on Defendant's motion to dismiss the superseding indictment.  (ECF No. 74.)  Defendant brings Fifth Amendment due process and vindictive prosecution claims.  The government opposes the motion, (ECF No. 78), and Defendant has filed a reply, (ECF No. 80).  The Court finds the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided on the briefs and without oral argument.  For the reasons set forth below, the Court DENIES Defendant's motion to dismiss the superseding indictment.

1

I.     **Background**

On March 27, 2019, ATF agents executed a search warrant at Defendant's residence.  (Case No. 2:19-mj-30148, ECF No. 1.)  During the search, ATF agents recovered several items, including a "tan grenade-shaped device with metal pellets affixed to the outside of it" found in a box located in the basement of the residence, which agents determined to be a "firearm," specifically a "destructive device," as defined by 26 U.S.C. § 5845(a)(8).  On March 27, 2019, the government filed a criminal complaint, charging Defendant with one count of possession of an unregistered firearm (destructive device) in violation of 26 U.S.C. § 5861(d).  On April 5, 2019, the Court entered an order dismissing that complaint without prejudice upon motion by the government, which noted it needed more time to conduct its investigation and that "[t]he government's ability to prosecute this case properly would be substantially impaired were it required to proceed to indictment or information within the 30-day prescribed by the Speedy Trial Act."  (Case No. 2:19-mj-30148, ECF Nos. 9, 10.)

On May 2, 2019, the government filed the original indictment in this case, charging Defendant with four counts that did not include the possession of an unregistered firearm charge that was in the complaint.  Trial was originally set for September 10, 2019.  However, that date was adjourned several times for various reasons, including a number of attorney changes.  Trial was eventually rescheduled for April 21, 2020, but the courthouse closed shortly prior to that date due to the COVID-19 pandemic.  The courthouse reopened in September 2021 and trial was scheduled to begin on October 12, 2021.  On September 1, 2021, the government provided Defendant for the first time with a report issued by ATF agent Scott McCullough dated May 31, 2019, opining that the

2

device seized from Defendant's residence was a destructive device.  (ECF No. 74-3.) One day later, on September 2, 2021, the government filed the superseding indictment, adding the possession of an unregistered firearm charge to this case.  (ECF No. 72.)

## II.     Fifth Amendment Due Process Rights

Defendant argues he has been deprived of his due process rights under the Fifth Amendment due to pre-indictment delay.  "While the statutes of limitations provide the primary guarantee against the prosecution of stale criminal charges, 'the Due Process Clause of the Fifth Amendment also plays a limited role in protecting against excessive preindictment delay.'" *United States v. Beigali*, 405 F. App'x 7, 14 (6th Cir. 2010) (quoting *United States v. Brown*, 959 F.2d 63, 65 (6th Cir. 1992)).  Dismissal of an indictment for pre-indictment delay is warranted only when the defendant shows: (1) "substantial prejudice to his right to a fair trial,"[1] and (2) "that the delay was an intentional device by the government to gain a tactical advantage."  *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982) (citing *United States v. Lovasco*, 431 U.S. 783, 790 (1977); *United States v. Marion*, 404 U.S. 307, 325 (1971)).  Importantly, "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment."  *Lovasco*, 431 U.S. at 790. Rather, courts "are to determine only whether the action complained of . . . violates those fundamental conceptions of justice which lie at the base of our civil and political

---

[1] To the extent Defendant avers prejudice must be considered here in light of the same interests the Sixth Amendment's speedy trial right was designed to protect, *see Barker v. Wingo*, 407 U.S. 514, 532 (1972), one of those interests—to prevent oppressive pretrial incarceration—is inapplicable because Defendant has remained on bond from the outset of this case.

3

institutions, and which define the community's sense of fair play and decency." *Id.* at 790 (internal quotation marks and citations omitted).

With regard to the first element, Defendant avers he is prejudiced because the newly added count is different in nature than the charges in the original indictment and will therefore alter his trial strategy and likely increase the expense and time needed to prepare for trial. Defendant also states he is placed in a position where he has to choose between the assertion of his speedy trial rights and having sufficient time to prepare his defense. Regarding the second element, Defendant argues the delay has given the government an additional two-and-a-half years to prepare for the prosecution of the new charge and he is disadvantaged by not having as much time for his defense.

As a preliminary matter, a pre-indictment delay of twenty-eight months is not presumptively prejudicial. *See United States v. King*, 22 F. App'x 567, 568 (6th Cir. 2001) (stating a delay of approximately twenty-six and a half months "was not presumptively prejudicial" and listing cases in which "[t]he Sixth Circuit has upheld longer pre-indictment delays without finding a due process violation"). "[T]he real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost . . . are not in themselves enough to demonstrate that a defendant cannot receive a fair trial."[2] *Marion*, 404 U.S. at 326. And the Court has since adjourned the trial date pursuant to the parties' stipulation, (ECF No. 77), so Defendant will have sufficient time to prepare for trial. Thus, Defendant has not shown *actual* prejudice.

---

[2] Defendant states in his reply that he cannot locate an individual who has exculpatory testimony regarding the device or obtain information from the residence where the device was found because he has since moved, but he does not substantiate this claim with any evidence or elaborate further on who the individual is, what type of testimony that individual could provide, or what information is needed from the residence.

4

And while the government does not set forth an explanation beyond its ordinary efforts in investigating this case and prosecuting this case and other cases as a reason for the delay, there is no evidence in the record that would support an inference this was done intentionally to gain a tactical advantage over Defendant. Also, on as early as May 9, 2019, the government provided Defendant with a copy of an investigative report describing the device at issue as "a suspected improvised explosive device." (ECF No. 78-2.) The disclosure of that report belies the suggestion that the government has taken Defendant by complete surprise.

In sum, while the government may have brought the superseding indictment too close to the trial date, leading to yet another adjournment, this is not a sufficient basis for its dismissal. *See Lovasco*, 431 U.S. at 790. Because there is no evidence the pre-indictment delay causes substantial prejudice to Defendant or was done intentionally by the government to gain a tactical advantage, the Court finds it does not constitute a constitutional due process violation.

### III.    Vindictive Prosecution

Defendant argues the superseding indictment is a result of prosecutorial vindictiveness. A defendant can prove prosecutorial vindictiveness by showing "actual vindictiveness" or "a realistic likelihood of vindictiveness." *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003) (internal quotation marks and citation omitted). Defendant does not allege actual vindictiveness here. To demonstrate a realistic likelihood of vindictiveness, Defendant must show: "(1) exercise of a protected right; (2) the prosecutor's stake in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the

5

intent to punish the [defendant] for the exercise of the protected right." *Id.* If a court finds a reasonable likelihood of vindictiveness, then the government bears the burden of disproving it or justifying the challenged action. *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001). The standard a district court must apply in reviewing the circumstances surrounding a vindictive prosecution claim is "an objective one—whether a reasonable person would think there existed a realistic likelihood of vindictiveness." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980). "The proper standard does not depend on a defendant's subjective impressions." *Id.*

Defendant argues in his motion that the government brought the superseding indictment in retaliation for his refusal to stipulate to certain discovery, which constitutes the exercise of a protected right. The government notes, however, that the failure to stipulate took place after the superseding indictment was filed, (ECF No. 78-4), so it cannot serve as the basis for Defendant's vindictive prosecution claim. In his reply, Defendant simply argues the totality of circumstances here indicates vindictiveness. With regard to the relevant analysis, Defendant also exercised a protected right by refusing to accept the government's plea offer. But even if the Court assumes the government has a stake in the exercise of this right, Defendant has not established the third and fourth elements of his claim.

"[T]he mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable." *See United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001). "Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct

6

charged less heavily in the first indictment.  Where, by contrast, there are multiple criminal acts, the addition of further charges is more reasonable." *Id.*

Here, the device at issue was not the subject of any of the charges in the original indictment, and the report identifying that device as a destructive device was not issued until after the filing of the original indictment.  Moreover, the government states the superseding indictment was obtained after the prosecution, including new prosecutors not previously involved with the original indictment, reviewed the evidence while preparing for trial.  And because the new charge was approved by a grand jury, it is presumed to have rested on probable cause.  *See id.* at 481.  But even if the government's conduct was not reasonable, there is nothing in the record that suggests the government had an intent to punish Defendant for refusing to accept the plea agreement offered to him.  And the new charge is not more serious than the original charges brought against Defendant.[3] In sum, even though the government could have brought the new charge sooner than it did, Defendant has not shown a realistic likelihood of prosecutorial vindictiveness.

## IV.   Conclusion

For the reasons set forth above, Defendant's motion to dismiss the superseding indictment is DENIED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: November 1, 2021

---

[3] The government states its preliminary calculations indicate that the offense level for Counts 2-4 as well as for Count 5 is 20.  (ECF No. 78, PageID.424.)

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
