UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IAN JOHNSON,

    Defendant.

Case No. 19-20274

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR GRAND JURY TRANSCRIPTS [82]**

The matter is before the Court on Defendant Ian Johnson's motion for grand jury transcripts. (ECF No. 82.) The government opposes the motion. (ECF No. 84.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided without a hearing. For the reasons stated below, the Court DENIES Defendant's motion.

**I.    Background**

On May 2, 2019, Defendant was indicted with one count of engaging in the distribution of firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1) and three counts of making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) (Counts 2-4). (ECF No. 1.) On September 2, 2021, the government filed a superseding indictment, adding one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) (Count 5). (ECF No. 72.) Trial is currently scheduled in this matter for March 22, 2022.

**II.    Analysis**

Defendant requests disclosure of the transcripts of the grand jury proceedings that led to both the indictment and superseding indictment under Federal Rule of Criminal

1

Procedure 6(e)(3)(E)(i).  This rule allows the Court to authorize disclosure of grand jury testimony "preliminarily to or in connection with a judicial proceeding."  *Id.*  Whether to disclose grand jury testimony or other material under Rule 6(e)(3)(E) is left to the discretion of the Court.  *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982).  Disclosure is proper only if the party seeking disclosure shows a "compelling necessity" "for breaking the indispensable secrecy of grand jury proceedings."  *Id.* at 184 (internal quotation marks and citation omitted).  "This compelling necessity must be demonstrated by establishing a particularized need rather than a general one."  *Id.*

Here, Defendant argues the grand jury transcripts are needed to adequately cross-examine prosecution witnesses.  However, the government has not yet provided a witness list and it is uncertain whether any grand jury witnesses will be testifying at trial.  And because Defendant is entitled to testifying witness statements under the Jencks Act, the government states it will produce the transcript of the testimony of any grand jury witness who will be testifying at trial one week prior to trial.  Thus, Defendant has not demonstrated a particularized need for the transcripts for impeachment purposes.

Defendant also states "he believes that someone is attempting to fraudulently pass off emails as his in furtherance of the government prosecution" and that there are "undercover witnesses working with and for the FBI or another government agency."  But these general assertions are speculative and similarly insufficient to show a particularized need for the grand jury transcripts.

To the extent Defendant relies on *Dennis v. United States*, 384 U.S. 855 (1966), as the basis for his request, that case is distinguishable.  There, the motion for disclosure was made after the witnesses testified at trial, there was a gap of seven years between

the grand jury testimony and the trial, the witnesses' testimony was largely uncorroborated, and one witness admitted that he had been mistaken about key dates. *Id.* at 872-73.  The Court also noted that "[a] conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility." *Id.* at 873.  Here, it is unclear whether any grand jury witnesses will testify at trial, there is no reason to think any testimony provided will be unreliable, and this case does not carry the same risk that was present in *Dennis*.

In sum, Defendant has not shown a "compelling necessity" for breaking the secrecy of the grand jury proceedings.  The Court therefore declines to authorize disclosure of the grand jury transcripts.

### III. Conclusion

For the foregoing reasons, Defendant's motion for grand jury transcripts is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 8, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 8, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
